WILLIAM S. PALEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JACOB PALEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 56603, 56604. Promulgated April 10, 1933.

*Harry LeRoy Jones, Esq.*, for the petitioners.
*O. W. Swecker, Esq.*, for the respondent.

### OPINION.

SMITH: In these proceedings the respondent contends that the payment of $50,000 by the petitioners and their associates to Celia Gore was an outright gift and in no wise affects the computations of net income of the petitioners. The petitioners contend herein that the $50,000 paid to Celia Gore was not a gift and that it was not so treated upon the petitioners' books of account; that it was an outright business transaction in which an altercation had arisen between the parties and the amount was paid in settlement of the altercation and for the purpose of preventing litigation.

Aside from the treatment of the payment of the $50,000 on the books of account of the petitioners and their associates, there is nothing in the record to show any liability on the part of the Paleys to pay the $50,000. The claim of the Gores that they were entitled to a division of the profits upon the sale by the Paleys of their 7,500 shares of Wesco Corporation stock has no legal justification. Jacob Paley recognized this fact in the letter to his sister dated June 18, 1928. There is every evidence, however, that he had great affection

for his sister and did not wish to have any family unpleasantness about the matter. He, his brothers, and his nephew had made a large profit upon their investment in the Wesco Corporation stock and in order to heal any breach in family relations made a gift to Celia Gore of the $50,000. The letter of June 18, 1928, specifically states that the $50,000 is being given to Celia Gore " as a gift from us to you."

It is furthermore to be noted, as shown by the articles of agreement entered into on October 20, 1927, that the Wesco Corporation stock was owned by Gore Brothers, Inc., and not by the stockholders who apparently had endorsed the note given to the Haystone Securities Corporation of New York. If the $50,000 had been given in settlement of a valid claim there appears to be no reason why the $50,000 should have been paid to Celia Gore rather than to Gore Brothers, Inc. There appears to be no good reason for holding that it was other than a gift to Celia Gore. Cf. *Lunsford* v. *Commissioner*, 62 Fed. (2d) 740.

*Judgment will be entered under Rule 50.*